JAMES FALLETTI *vs.* ANTONIO R. CARRANO ET AL.

First Judicial District, Hartford, May Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

An outside salesman of a wholesale grocery house, with unrestricted
    powers of sale and collection, has implied authority to contract
    for the future delivery of the merchandise he sells.
Parol evidence is admissible to explain technical or incomplete terms
    in a written agreement, if such explanation is not inconsistent
    with the words of the writing.
In the present case there was a memorandum of sale of 50 barrels of
    "Daisy flour in 98 lot, at 8.90, to be taken from the car, terms
    cash." *Held* that the place of delivery was not so indefinite as to
    render the contract void under the statute of frauds, at least
    until the trial judge had brought to his aid in its interpretation all
    the light afforded by the collateral facts and circumstances, in
    proof of which parol evidence should have been received.

Argued May 7th—decided May 28th, 1918.

ACTION to recover damages for the refusal of the de-
fendants to deliver fifty barrels of flour alleged to have

been sold by them to the plaintiff, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff is a retail grocer and the defendants are wholesale grocers, both of Hartford. A written memorandum of the sale was introduced in evidence by the plaintiff as Exhibit A, which reads as follows: "Sold to James Faletti 50 bbl. Daisy flour in 98 lot. at 8.90 to be taken from the car. terms cash. Carrano & Nobile—N. F. R." This memorandum was signed by Nathan F. Rivkin, an agent of the defendants.

The principal controversy between the parties was over the authority of Rivkin to make the agreement contained in Exhibit A, and the legality of this document. Rivkin's authority as agent was derived from a written agreement made by him with the defendants, which agreement was in evidence as Exhibit B. One clause of this contract stated that because of the expert knowledge and experience of Rivkin, the defendants agreed to employ him as an outside salesman and collector. By the terms of the agreement, Rivkin's employment was to commence on January 1st, 1916. One clause of this contract provided that as compensation for his services Rivkin was to receive $25 per week, and also to be allowed one third of the net profits on the entire volume of business made by the defendants as the same might appear from their books from January 1st, 1916. The ninth clause of the contract of agency provided that Rivkin at all times should be considered as a salesman and collector and be charged with the duty and responsibility of collecting for all goods sold by him while in the employ of the defendants.

The trial court reached the following conclusions: "(1) Rivkin had no authority under Exhibit B to make

a contract for future delivery as set forth in Exhibit A. (2) Exhibit A does not constitute such a memorandum as required by section 4 of Chapter 212 of the Public Acts of 1907."

At the close of the plaintiff's evidence, defendants' counsel moved to strike out Exhibit A, because the facts shown did not establish that Rivkin was authorized either by his contract of agency or by his course of dealing to execute plaintiff's Exhibit A. The motion was granted and the plaintiff took an exception.

*Josiah H. Peck,* for the appellant (plaintiff).

*Ralph O. Wells,* for the appellees (defendants).

RORABACK, J. There is no ground for the assumption of the trial court that Rivkin did not have authority to make a contract for the future delivery of the flour as set forth in the memorandum of sale. Rivkin's authority was that of an outside salesman of a wholesale grocery house, with unrestricted powers of sale and collection. "It is a familiar principle of the law of agency, that every authority given to an agent, whether general or special, express or implied, impliedly includes in it, and confers on such agent, all the powers which are necessary, or proper, or usual, to effectuate the purposes for which such authority was created. It embraces the appropriate means to accomplish the desired end. This principle is founded on the manifest intention of the party conferring such authority, and is in furtherance of such intention." *Benjamin v. Benjamin,* 15 Conn. 347, 356. "An agent clothed with general power to sell personal property without restrictions, has implied authority to select the purchaser, to fix the price, and to agree upon such ordinary incidental matters as the time and place of delivery,

and the other ordinary and usual terms of a sale." 1 Mechem on Agency (2d Ed. 1914) § 854. See also 1 Clark & Skyles on Agency (1905) § 245.

We cannot presume that Rivkin, the defendants' agent, was not authorized to make delivery of the merchandise sold by him unless such deliveries were made in the same manner as salesmen who carried their goods with them. His employment as an outside salesman by a wholesale grocery house necessarily implied authority to make contracts for the future delivery of the goods which he sold. This was indispensable in the business which he was employed to conduct.

The defendants also insist that the place of delivery mentioned in the memorandum of sale, which states that it was "to be taken from the car," is so indefinite that the contract fails to meet the requirement of the statute of frauds. In the absence of any explanation, the meaning of this term is hardly intelligible, but the judge of the court below was not at liberty to pronounce this writing void until he had brought to his aid in its interpretation all the light afforded by the collateral facts and circumstances. This could have been done by parol. *Kilday* v. *Schancupp*, 91 Conn. 29, 32, 33, 98 Atl. 335; *Shelinsky* v. *Foster*, 87 Conn. 90, 97 87 Atl. 35. Where an agreement in writing is expressed in technical or incomplete terms, parol evidence may be admissible to explain that which, taken alone, would be unintelligible, when such explanation is not inconsistent with the written terms of the instrument. Thus, if the language of the instrument is applicable to several persons, to several parcels of land, to several species of goods, to several monuments or boundaries, to several writings; or the terms be vague and general, or have divers meanings, as "household furniture," "stock," "freight," "factory prices," and the like; in all these and the like cases, parol evidence

is admissible of any extrinsic circumstances, tending to show what person or persons, or what things, were intended by the party, or to ascertain the meaning in any other respect. 1 Greenleaf on Evidence (16th Ed.) § 288, p. 416. In the case of *Barrett Mfg. Co.* v. *D'Ambrosio*, 90 Conn. 192, 198, 199, 96 Atl. 930, upon which the defendants rely, a material provision had been entirely omitted from the written document. We there held that this omission could not be supplied by oral proof.

Several questions are presented by the appeal, but we have occasion to consider only two of them. One, whether the court erred in holding that the agent, Rivkin, had no authority to make a contract for the future delivery of the flour as set forth in the memorandum of sale. This we have already decided adversely to the defendants. The record discloses that the court below struck out the memorandum of sale which lay at the very foundation of the plaintiff's case, and in effect nonsuited the plaintiff. It also appears that the principal reason given by the trial court for ruling out the agreement of sale was as follows: "The memorandum does not purport to be a sale, a contract for a future sale of flour, but purports to be a contract or rather a sale of existing flour; and, therefore, under the statute of frauds, or § 4 of the Sales Act [Public Acts of 1907, Chap. 212], neither this witness nor any other witness can prove by parol that this contract was a contract for the sale of flour to be delivered at some future time, nor can this witness nor any other witness give oral testimony to add to or further define the terms of the contract." In this there is error.

In view of these considerations we find no occasion to consider the other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.