SAMUEL LIPSCHITZ and Another, Respondents, *v.* W. R. GRACE & Co., Appellant.

(Supreme Court, Appellate Term, First Department, July, 1918.)

Contracts — when memorandum insufficient to satisfy Statute of Frauds — bill of particulars — pleading — evidence — Statute of Frauds.

The words "Terms as had" inserted in an otherwise complete memorandum of a contract for the sale of goods cannot be disregarded as unnecessary to a complete contract, and such memorandum is not sufficient to satisfy the Statute of Frauds.

In an action to recover damages for failure to deliver the goods it appeared that after plaintiffs had received the memorandum a formal contract signed by defendant, containing many terms not contained in the original memorandum, was sent to plaintiffs for their approval and though they signed it they inserted several more terms and conditions. Defendant refused to accept the proposed contract as modified by plaintiffs and so notified them and withdrew any offer made by it. *Held,* that the facts showed that the parties had not, at the time of the making of the memorandum, finally agreed upon any contract, and a judgment in favor of plaintiffs will be reversed and the complaint dismissed.

While the bills of particulars in two other similar actions stated that the contract was in writing, they set forth as such contract not only the memoranda which were exactly the same in form as that in the first action but they set forth, signed by defendant, a confirmatory contract containing other and different terms from those in the first memorandum which were not to be effective until accepted by plaintiffs. *Held,* that the memorandum was simply a proposal by defendant to enter into a contract and was relevant only as an admission that the broker who signed it was the agent of defendant, and, as the original memorandum was insufficient under the Statute of Frauds, a judgment in favor of plaintiffs in each of the other actions will be reversed and the complaints dismissed.

APPEAL by defendant from a judgment entered in the Municipal Court of the city of New York, borough of Manhattan, eighth district, in favor of plaintiffs.

Harold J. Roig, for appellant.

Boudin & Liebman, for respondents.

LEHMAN, J. The plaintiffs herein have recovered judgment in three actions brought for the failure of the defendant to deliver to the plaintiffs certain Siam rice which the plaintiffs claim that the defendant had agreed to sell and deliver them by virtue of three separate written contracts. While the three cases were tried together, action No. 1 presents somewhat different questions of law from those involved in actions No. 2 and No. 3, and to that extent the cases must be considered separately upon this appeal. The pleadings were oral and the bill of particulars served by the plaintiff in action No. 1 alleges that " the alleged contract mentioned in the summons was in writing. An exact copy of the said contract is as follows:

" NEW YORK, *December 7th,* 1916.
" Sold for account of Messrs. W. R. Grace & Co., of Sanfrancisco, Cal.
To Messrs. S. Lipschitz & Co. of N. Y.
1200 pkts of Siam usual at 2.90 per pocket of 100 lbs gross and 97 lbs net, FOB Seattle in Double pockets.
TERMS as had
SHIPMENT December from Hongkong.
      "(Signed)   I. SILVERBERG COMM. Co. *Brokers.*"

The defendant has pleaded the Statute of Frauds, and upon this appeal one of its principal contentions is that the plaintiffs have failed to show that the defendant has signed any written contract or any memorandum sufficient to comply with the statute. In this contention it seems to me at least as far as concerns action No. 1 the defendant is clearly correct. For the purpose of this appeal we may assume that the I. Silverberg Commission Co. were brokers authorized by the defendant to sell Siam rice in its behalf and with the usual authority of brokers to sign memoranda of sales made by them. Such memoranda must, however, contain all the essential terms and conditions of the agreement and the parties cannot supply such terms by parol evidence.

In the present case it is to be noted that the contract contains the names of the parties, a description of the goods sold, the price and the place and time of delivery, but contains no other terms except the words " Terms as had." If these last words had been omitted from the memorandum it might well be claimed that the memorandum was complete in itself and contained all the essential terms of a contract, for the law would imply that payment was to be had at the time of delivery. By the insertion, however, of the words " Terms as had " the memorandum itself shows that there were

other terms agreed upon by the parties and resort must be had to evidence *dehors* the instrument to determine what these terms were. These words cannot be disregarded as unnecessary to a complete contract, nor can the plaintiffs by parol proof be permitted to show what other terms had been agreed upon. *Wright* v. *Weeks,* 25 N. Y. 153. The plaintiffs herein seek to distinguish that case from the case at bar on the ground that in the earlier case the memorandum stated " terms as specified," which is substantially equivalent to stating " terms as orally agreed upon," and parol testimony was therefore required to supply a term of the oral contract which was *omitted* from the memorandum, while in the present case the memorandum *describes* the terms orally agreed upon by the words " as had " and parol testimony would be required not for the purpose of supplying the omitted term but only for the purpose of explaining the meaning of the words " as had " and understood by the parties.

The plaintiffs' contention in this regard does not seem to me to be sound. It is impossible to determine from a reading of the memorandum itself what the words " as had " are intended to signify except that presumably they mean that the present contract was made upon the same terms as had governed some previous transaction or transactions of the parties. These words may refer to terms of payment or to all the terms of some previous contract or contracts between the parties, and the parties may have intended that such terms, whether in regard to time and manner of payment or other matters, were to be determined as arranged in a written contract upon the last previous sale of Siam rice by this defendant to these plaintiffs, or were to be determined by general course of dealings between them in the past. No testimony as to the relations of the parties can enable the court to determine

what the defendant's agent meant by the use of these words in the memorandum, nor does the memorandum contain any reference to any other written paper. The memorandum itself, therefore, does not contain all the essential terms of the agreement, but parol testimony would be necessary in order to permit the court to find out what the actual contract between the parties was and under these circumstances the memorandum is not sufficient to satisfy the Statute of Frauds.

Moreover, the record shows that after the plaintiffs received this memorandum the defendant sent them a formal contract signed by itself to be approved by the plaintiffs. This proposed contract contains many terms not contained in the original memorandum. The plaintiffs upon receipt of the formal contract signed it, but inserted therein several more terms and conditions. The defendant refused to accept the proposed contract as modified by the plaintiffs and so notified the plaintiffs. The plaintiffs did not reply to this notification for several weeks thereafter, owing perhaps to the absence of one of the plaintiffs in Cuba. In the meanwhile, however, the defendant had withdrawn any offer made by it. It seems to me that these facts show that the parties had not at the time of the making of the memorandum agreed finally upon any contract. The sending by the defendant of a formal contract containing other and different terms from those contained in the memorandum shows that the defendant did not at that time consider the contract complete. The plaintiffs by their act of returning the proposed contract with their approval after the insertion of still other terms showed that they also did not consider that the memorandum evidenced a complete contract. If no complete contract was made at the time of the giving of the memorandum, then clearly the plaintiffs have no cause of action. Therefore, it follows that the judg-

ment in the first cause of action in favor of the plaintiffs must be reversed.

The bills of particulars and the evidence in the actions No. 2 and No. 3 are similar and the judgments in favor of the plaintiffs in these actions can be considered together. The bills of particulars allege that the contract was in writing but they set forth as the written contract not only memoranda which are exactly in the same form as the memorandum previously considered and subject to the same objections, but they also set forth a formal confirmatory contract signed by the defendant. This second confirmatory contract is undoubtedly complete in all its terms. It appears, however, from the evidence that the alleged confirmatory rice contract, signed by the defendant, was sent by the defendant to the plaintiffs with a blank space on its face to be signed by the plaintiffs to show that they approved and accepted the contract. It was further shown that the plaintiffs had never signed or approved this contract, again perhaps because one of the plaintiffs was in Cuba for some weeks after it was sent. As in action No. 1, the confirmatory contract contains other terms and different terms from that contained in the memorandum, and these terms were not to become effective until they were accepted by the plaintiffs. The paper signed by the defendant is, therefore, not a memorandum of any contract into which the parties had previously entered, but was merely a proposal by the defendant to enter into such a contract. Its sole relevancy would seem to be that it contains an admission that the broker who signed the original memorandum was the agent of the defendant, but since that original memorandum is not sufficient under the statute the plaintiffs have failed to make out a cause of action also in actions No. 2 and No. 3.

It may also be said that there is at least some doubt whether parties in actions No. 2 and No. 3, just as in action No. 1, did not contemplate that the original memorandum was not intended to evidence a complete contract, and that the parties thereafter were to make their actual contract, embodying additional terms before either party would be finally bound. Judgment should, therefore, be reversed, with thirty dollars costs, and complaints dismissed, with costs in the court below.

PENDLETON and FINCH, JJ., concur.

Judgment reversed, with costs.