M. P. BERGLAS MANUFACTURING COMPANY, Respondent, *v.* JESSE F. PADDLEFORD, Appellant.

Second Department, June 9, 1922.

Sales — action for damages for failure to deliver lumber in accordance with alleged contract — judgment for plaintiff on verdict reversed — no part delivered and no money paid — defense of Statute of Frauds — contract, if any, resulted from correspondence between parties — whether correspondence amounted to contract question for court — failure to prove completed enforcible contract.

In an action to recover damages for failure to deliver a quantity of lumber in accordance with an alleged contract, the question whether there was any contract was for the court and a judgment for the plaintiff based on the verdict of a jury will be reversed, where it appears that none of the lumber was delivered and no part of the purchase price paid; that the defendant pleaded the Statute of Frauds; that the contract, if there was one, resulted from four letters which passed between the parties, the last of which, from the plaintiff's manager to the defendant, dated May 31, 1919, stated that the writer had "been authorized to place an order with you for 150,000 ft. of log run oak, sawed to our order" and that an interview was desired before sawing was commenced; that "log run" oak is a higher grade than ordinary "mill run," and defendant had not in his letters suggested that the oak was to be of a selected grade; that the proposed interview never took place; that no demand for delivery was made until

late in December, 1919; that, in the meantime, the market price of lumber had advanced rapidly and the defendant had been engaged in sawing and making deliveries to other parties; and that in October, 1919, the plaintiff purchased some of the identical lumber from a vendee of the defendant at a price far in excess of the price in the alleged contract.

The plaintiff failed to prove a completed enforcible contract.

APPEAL by the defendant, Jesse F. Paddleford, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 11th day of January, 1922, upon the verdict of a jury.

*Edward P. Lyon,* for the appellant.

*Horace G. Marks* [*Samuel Kahan* with him on the brief], for the respondent.

KELLY, J.:

The case turns upon the question whether the plaintiff proved a valid enforcible contract by which defendant agreed to sell and plaintiff to purchase certain lumber at a price fixed. The defendant denied the contract. If made at all, it was by correspondence between the parties in the spring of 1919, the plaintiff corporation having its office in Brooklyn and the defendant residing in Norwich, N. Y. The correspondence consisted of four letters printed in the record, and we think they do not measure up to the requirements of a completed contract. There was an inquiry from defendant whether plaintiff cared to buy " some oak that I am getting out. There will be about 150,000 ft. of Red Oak and some White Oak," with a request that plaintiff should make an offer. " Let me know what you will give for same delivered at your plant in Norwich either green or dry." To this plaintiff responded by a letter in which it asked whether defendant would be able to saw the lumber to specified sizes, and plaintiff asked defendant to " advise the writer by return mail what you will accept this order for considering that we will take the 150 M' which you have to offer." To this the defendant replied on May 21, 1919: " I will sell the Oak for $35. per M delivered at your Norwich plant and saw to your order." To this the plaintiff's manager or superintendent replied by a letter dated May 31, 1919, as follows:

" In reply to your letter under date of May 21st, I have taken the matter up with our Brooklyn office and have been authorized to place an order with you for 150,000 ft. of log run oak, sawed to our order. The writer would like very much to talk to you in reference to this before you start sawing and if you are going to be in Norwich any time soon kindly advise me to that effect, otherwise I will come up there to see you."

No part of the lumber was delivered by defendant to plaintiff, and no demand for delivery appears to have been made until late in the month of December, 1919. In the meantime the market price of lumber had advanced rapidly. In April and May, 1919, the date of the letters, it was thirty-five dollars per 1,000, while in December it had advanced to ninety dollars to one hundred and ten dollars per 1,000. The plaintiff explains the delay in demanding delivery by the claim that in the ordinary course it would have been some months before defendant could saw the timber and make deliveries, but it appeared in the evidence that defendant was sawing wood and making deliveries, that in July and August, 1919, he sold some of his lumber to one Risley in Norwich and that in October, 1919, plaintiff bought some of this identical lumber from Risley, paying therefor at the rate of fifty dollars per 1,000 feet.

The defendant moved to dismiss the complaint at the end of plaintiff's case in chief, and renewed the motion at the close of the testimony, but the learned trial justice denied the motions and left it to the jury to say whether the minds of the parties met, together with the question of damages. The jury found a verdict for plaintiff for $850.

We think that on the evidence here the question whether the correspondence amounted to a contract was for the court. (*Brady* v. *Cassidy*, 104 N. Y. 147; *Dwight* v. *Germania Life Ins. Co.*, 103 id. 341.) The defendant in his answer pleaded the Statute of Frauds (Pers. Prop. Law, § 85, as added by Laws of 1911, chap. 571). The plaintiff having made no part payment, and none of the lumber having been delivered, there must be a written note or memorandum of the alleged contract. And the writing must include all the terms of the completed contract. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Wilson* v. *Lewiston Mill Co.*, 150 id. 314; *Sanders* v. *P. B. F. Co.*, 144 id. 209; *Brown* v. *N. Y. C. R. R. Co.*, 44 id. 79; *Spielvogel* v. *Veit*, 197 App. Div. 804.) The plaintiff's letter of May 31, 1919, quoted above, does not accept defendant's offer in the letter of May twenty-first. Plaintiff's manager says he has taken the matter up with plaintiff " and have been authorized to place an order with you for 150,000 ft. of log run oak, sawed to our order." He does not place the order, he says he is authorized to place it. He mentions " log run " oak, which, according to the evidence, is a selected or higher grade than the ordinary " mill run " which describes the timber as cut. And plaintiff's manager or superintendent in the letter of May 31, 1919, expressly states that he desires an interview with defendant " before you start

sawing." No such interview took place. Defendant went on about his business, sawing and delivering timber. No word was heard from plaintiff until the letter of December twenty-seventh, in which they " respectfully wish to refer to our order dated May 31st placed by our Mr. R. F. Chafee in compliance with your offer of May 21st. We would sincerely thank you if you will kindly advise us how soon we may expect delivery of this material," etc. In the meantime, in July and August, defendant had sawed and sold lumber to Risley at Norwich, and in October Risley had sold the same lumber to plaintiff's representative in Norwich at fifty dollars per 1,000 feet, fifteen dollars per 1,000 feet over the price at which plaintiff now asserts it had purchased the lumber from defendant. On the whole case we think the plaintiff failed to prove a completed enforcible contract. If the price of lumber had dropped after May, 1919, so that in December it could be obtained on the market at one-half the May price, we think the defendant would have had great difficulty in collecting the May price from the plaintiff on the assertion that these four letters made out a completed contract.

The judgment should be reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.

BLACKMAR, P. J., RICH, JAYCOX and YOUNG, JJ., concur.

Judgment reversed on the law and the facts and new trial granted, with costs to appellant to abide the event.