## Swift & Co., Appellant, *v.* Meehan et al.

*Sales—Contract—Parties—Act of May 19, 1915, P. L. 543—Memorandum in writing—Several papers.*

1. The party sued is the party to be charged, within the meaning of that expression in section 4 of the Sales Act of May 19, 1915, P. L. 543.

2. Where in a suit on a contract to sell goods of the value of $500 or upwards, it appears that the buyer has not accepted part of the goods and actually received the same, nor given something in earnest to bind the contract, or in part payment, the defendant cannot be held liable unless some note or memorandum in writing of the contract, signed by him, or his agent in that behalf, is proved to have been made.

3. The note or memorandum may be established by several papers if they contain an express reference to each other, or there is internal evidence of their unity, relation or connection.

4. If by one or more papers all the essential terms of the contract are thus made to appear it will be binding, even though there has not been part performance, or anything paid on account.

5. If the papers disclose only the existence of an incomplete agreement, by reason of one or more of its terms not appearing, it will not be enforceable in the absence of part performance, or something paid on account.

Argued April 20, 1925. Appeal, No. 227, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1922, No. 8538, on verdict for plaintiff, in case of Swift & Co. v. John J. Meehan et al., trading as John Meehan & Son. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for breach of contract. Before BARTLETT, J.

The opinion of the Supreme Court states the facts.
Verdict for plaintiff for $10,266.
Judgment for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was, inter alia, judgment for defendant n. o. v., quoting record.

*Alfred T. Steinmetz,* for appellant.—No particular form of words is required to constitute an acceptance: Colt v. Selden, 5 Watts 525; Hoffman v. Ry., 157 Pa. 174; Eckert v. Schoch, 155 Pa. 530; Am. Express Co. v. Horseshoe Co., 244 U. S. 58; Haines v. Dearborn, 199 Pa. 474; Clements v. Bolster, 6 Pa. Superior Ct. 411.

It is strongly urged that defendants are charged with an obligation to repudiate, and not having done so, but having continued their efforts to perform and having also recognized in writing the contract, must be held to a compliance with the contract, according to its changed terms, and there remains only the necessity of having a substantial acceptance of this contract in writing to fulfil the requirement of section 4 of the Sales Act: Mason

Heflin Coal Co. v. Currie, 270 Pa. 221; Hogle v. DeLong, 248 Pa. 471; Gano, Moore & Co. v. Coal Co., 28 Pa. Dist. R. 825; Mfrs. L. & H. Co. v. Lamp, 269 Pa. 517; Franklin Sugar Refining Co. v. John, 279 Pa. 104; Paturzo v. Ferguson, 280 Pa. 379.

*William C. Hayes,* for appellees.—There was no contract between the parties: Jaxtheimer v. Sharpsville Boro., 238 Pa. 42; Mead & Spaar Co. v. Krimm, 43 Pa. Superior Ct. 376; Hutchinson Baking Co. v. Marvel, 270 Pa. 378; Northwestern Consolidated Milling Co. v. Allebach, 82 Pa. Superior Ct. 563.

Silence alone does not give consent, even by estoppel, for there must not only be the right, but the duty, to speak before the failure so to do can estop a person from afterward setting up the truth: Royal Ins. Co. v. Beatty, 119 Pa. 6; Kennedy-Stroh Corporation v. Davis, 72 Pa. Superior Ct. 381.

There was no enforceable contract under the Sales Act of May 19, 1915, P. L. 543; Franklin Sugar R. Co. v. Howell, 274 Pa. 190; Franklin Sugar R. Co. v. John, 279 Pa. 104; Paturzo v. Ferguson, 280 Pa. 379.

OPINION BY MR. JUSTICE SIMPSON, May 11, 1925:

Plaintiff sued defendants to recover damages for the breach of an alleged contract. The trial judge refused defendants' point for binding instructions, and plaintiff recovered a verdict for $10,266. The court in banc entered judgment for defendants non obstante veredicto, upon two grounds: (1) The parties had not entered into a contract; and (2) The alleged agreement, even if it had been made, would not have been enforceable, because of section 4 of the Sales Act of May 19, 1915, P. L. 543. In disposing of plaintiff's appeal from that judgment, we shall limit our consideration to the last of these points.

The section referred to is as follows: "A contract to sell or a sale of any goods......of the value of $500 or

upwards shall not be enforceable by action unless the buyer shall accept part of the goods......so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Admittedly plaintiff, who claimed it was a "buyer," did not "accept part of the goods......contracted to be sold......and actually receive the same," nor did it "give something in earnest to bind the contract, or in part payment." Hence, unless "some note or memorandum in writing of the contract" appears, it cannot be enforced against defendants who are "the party to be charged" in this action. The first draft of a contract, drawn by defendants' agent, was unsatisfactory to plaintiff, and was signed by neither party. The second draft, prepared by plaintiff, was signed by it, but not by defendants. Beyond these there are no writings in evidence, except the correspondence between the parties; and it becomes important, therefore, to determine the principles to be applied in ascertaining whether or not the contract in suit can be gathered therefrom.

In Franklin Sugar Refining Co. v. Howell, 274 Pa. 190, 200, we quoted with approval the following extract from 27 Corpus Juris 277-8: "A writing is insufficient as a memorandum where it does not state any [all] of the terms of the contract; where it omits or states incompletely a single essential term; where it merely refers to the contract without stating its terms; or where it shows expressly or inferentially that there are terms which it either does not state or does not clearly and sufficiently state." In Franklin Sugar Refining Co. v. John, 279 Pa. 104, 109, we said: "It must be clear, however, that the subsequent document related to the previous understanding alleged, upon which the suit is based, and admits the making of the contract. If there is merely an indication of the existence of an incomplete

agreement, it is not enough: Howard & Co. v. Innes, 253 Pa. 593; Llewellyn v. Sunnyside Coal Co., 242 Pa. 517; Soles v. Hickman, 20 Pa. 180. It is true, correspondence in which it is referred to may be sufficient even though accompanied by a disclaimer of responsibility, but, in such case, the fact that an agreement was consummated must clearly appear, its terms must be recognized (27 C. J. 267; Upton Mill, etc., Co. v. Baldwin Flour Mills (Minn.), 179 N. W. 904; Wilson v. Lewiston Mill Co., 150 N. Y. 314, 44 N. E. 959), and the alleged original authenticated: 25 R. C. L. 642." And in Paturzo v. Ferguson, 280 Pa. 379, 384, we said: " 'It is a general rule that the reference, relation, or connection of the writings to or with each other must appear on their face. The writings must contain either an express reference to each other or internal evidence of their unity, relation or connection': 27 C. J. 261, sec. 309. This general rule was recognized in Manufacturers Light & Heat Co. v. Lamp, 269 Pa. 517, where, after stating that all essentials of an agreement must appear in writing, we said further (page 520): 'If not complete in itself, and oral evidence be required to supply omissions, then the whole is reduced to parol, and, though equity might reform, it can no longer specifically enforce: Safe Deposit & Trust Co. v. Diamond Coal & Coke Co., 234 Pa. 100; Rineer v. Collins, 156 Pa. 342.' "

Tested by these rules, appellant's case wholly fails; and this is true even if we consider all the letters written by defendants or their agents, and weigh them with those sent by plaintiff. Admittedly more than half of the whole number were written before a contract is even alleged to have been made. Several positively deny there was any contract. Some of them speak of a contract, but do not state its terms, nor do they, or any of the others, specifically refer to any document from which these terms could be ascertained. Indeed, if the letters signed by defendants are considered, either separately or together, it is gravely doubtful whether or not they refer

to an existing contract; they seem rather to relate to an agreement which defendants expected would be entered into, but in fact never was, because they could not supply materials which would measure up to the warranties of quality on which plaintiff insisted.

The judgment of the court below is affirmed.