NORTH AMERICAN SEED COMPANY, Appellant, vs. CEDAR-BURG SUPPLY COMPANY, Respondent.

*March 14—May 1, 1945.*

For the appellant the cause was submitted on the brief of *J. Elmer Lehr* of Milwaukee.

*Walter D. Corrigan, Sr.,* of Milwaukee, and *Thomas M. Corrigan* of Cedarburg, for the respondent.

FRITZ, J.    The principal and crucial issue on this appeal is whether the written notations by the defendant's manager, Harvey Zirtzlaff, in the blank spaces on a printed sales-slip form were sufficient to constitute, in view of the following provisions in sec. 121.04 (1), Stats., a valid and enforceable contract to sell certain seed of a value in excess of $50, to wit:

"A contract to sell or a sale of any goods or choses in action of the value of fifty dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

As it is undisputed that the value of the seed was in excess of $50, that no part thereof had been delivered to or received by the plaintiff as the buyer and that it had not given something in part payment or in earnest to bind the contract, there was, under the statute, no enforceable contract or sale unless (1) the notations or memoranda written on the sales slip were signed by "the party to be charged or his agent in that behalf;" and (2) those notations or memoranda are sufficient to state with reasonable certainty the terms and elements necessary to evidence and constitute a valid contract or sale under the rule applicable in this respect that—

"A memorandum, in order to make enforceable a contract within the statute, may be any document or writing, formal

or informal, signed by the party to be charged or by his agent actually or apparently authorized thereunto, which states with reasonable certainty, (a) each party to the contract either by his own name, or by such a description as will serve to identify him, or by the name or description of his agent, and (b) the land, goods or other subject matter to which the contract relates, and (c) the terms and conditions of all the promises constituting the contract and by whom and to whom the promises are made." Restatement, 1 Contracts, p. 278, sec. 207. *Franklin Sugar Refining Co. v. John,* 279 Pa. 104, 123 Atl. 685; *Vitro Mfg. Co. v. Standard Chemical Co.* 291 Pa. 85, 139 Atl. 615; *Swift & Co. v. Meehan,* 283 Pa. 429, 129 Atl. 324; *Manufacturers' Light & Heat Co. v. Lamp,* 269 Pa. 517, 112 Atl. 679; *Hewett Grain & Provision Co. v. Spear,* 222 Mich. 608, 193 N. W. 291; *Wagner-White Co. v. Holland, etc.,* 222 Mich. 58, 192 N. W. 552; *Webster v. Condon,* 248 Mass. 269, 142 N. E. 777; *Western Metals Co. v. Hartman Ingot Metal Co.* 303 Ill. 479, 135 N. E. 744; *Barrett Mfg. Co. v. D'Ambrosio,* 90 Conn. 192, 96 Atl. 930; *Carter, Macy & Co. v. Matthews,* 220 App. Div. 679, 222 N. Y. Supp. 472; *M. P. Berglas Mfg. Co. v. Paddleford,* 201 App. Div. 611, 194 N. Y. Supp. 756; *Lipschitz v. W. R. Grace & Co.* 104 Misc. 55, 171 N. Y. Supp. 330; 188 App. Div. 912, 175 N. Y. Supp. 910; *Eagle Paper Box Co. v. Gatti-McQuade Co.* 99 Misc. 508, 164 N. Y. Supp. 201.

Not only are the written notations or memoranda on the form in question too indefinite and insufficient to constitute compliance with the requirements of that rule, but there also was no compliance with the statutory requirement that, under such circumstances as existed in this case, a contract to sell shall not be enforceable "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf." The insertion by Zirtzlaff of merely his initials "H. Z." under the words printed "Sold by," in a ⅜″ x ½″ framed-off space at the left edge of the middle of the sales slip did not constitute the signing by the defendant herein of "some note or memorandum in writing of the contract or sale," which is required under the statute to "be signed by the party to be charged or his agent

in that behalf." Consequently, likewise in this respect there is no enforceable contract or sale as basis for a recovery by plaintiff in this action.

Moreover, at the outset of the trial, plaintiff's counsel,—evidently realizing the meager, indefinite, and incomplete nature of the few notations in the sales-slip form,—called and started to examine plaintiff's president, John Kettenhofen, in relation to oral conversations and negotiations between him and Zirtzlaff, which culminated in the latter's notations on that form. Upon defendant's counsel stating that the testimony would reveal oral conversation, plaintiff's counsel asserted he had a right to offer oral evidence about the deal. Thereupon defendant's counsel claimed the door was opened by the plaintiff and thereafter testimony as to such oral conversations was introduced by both parties without any objection. Upon that testimony and the other evidence the court was warranted in finding, as it did, the following facts. At the commencement of the negotiations Zirtzlaff advised Kettenhofen, upon showing him the seed in question, that one lot of seed so shown was owned by one farmer, and another lot by another farmer, and that the rest of the seed belonged to defendant; that Zirtzlaff had to get the consent of these farmers before he sold the seed, and he was going to take bids for the seed and it would be sold to the highest bidder; and that if Kettenhofen wanted to make an offer he could and it would be considered with any other offers received. Kettenhofen took samples of the seed for the purpose of testing the quality, and then made an offer; and thereupon a memorandum, showing what plaintiff offered to pay for said seed, was hurriedly made by Zirtzlaff on a printed form commonly used for other purposes. Kettenhofen then inquired when delivery could be made in case his said offer should be accepted by the farmers, and Zirtzlaff answered that it could be done on the following Wednesday or Thursday; and thereupon the words "To be delivered Wed. or Thurs." were

added to the memorandum. When completed it was merely a memorandum of an offer to defendant by plaintiff as to what it was willing to pay for the clover seed, and there was no acceptance of this offer by defendant at any time. The facts thus found,—and others found in addition thereto,—likewise entitled defendant to the entry of judgment dismissing the complaint.

Plaintiff contends that the court, in taxing costs, erred in allowing defendant the sum of $50 as attorneys' fees. Plaintiff claims that as the demand in its complaint was for $475.14 "with interest from August, 1943," the amount involved was less than $500; and therefore the attorneys' fees allowed under secs. 271.03 (2) and 271.04 (1), Stats., should not have exceeded $25. Plaintiff's contention cannot be sustained. Sec. 271.03 (2), Stats., provides:

"If the defendant is entitled to costs he shall recover costs on the basis on which the plaintiff would have recovered if the demands of his complaint had been established."

Obviously, if the demands of plaintiff's complaint had been established its recovery would have been $475.14, with interest thereon at the rate of six per cent per annum from August 24, 1943, to at least October 4, 1944, the date of the trial, amounting to $31.20, which would bring up to $506.34 the total of plaintiff's recovery if the demands of his complaint had been established. Consequently, as it is on the basis of the sum of $506.34 that defendant is entitled to tax and recover attorneys' fees, the court rightly allowed $50 on that item as provided in sec. 271.04 (1), Stats.

*By the Court.*—Judgment affirmed.