In its complaint the plaintiff, a licensed real estate broker, claimed that it was entitled to a commission because the defendant sold premises known as No. 20 Longview Drive, Windsor, Connecticut, during the term of an exclusive listing. After the plaintiff filed a copy of the exclusive listing in compliance with the defendant's motion for oyer, the defendant filed her answer, which included a special defense alleging that the action was prohibited by 20-325a (b)[1] of the General Statutes *Page 618 
because the contract was undated and did not contain the addresses of all the parties. After the pleadings were closed, the defendant filed a motion for summary judgment and attached to this motion an affidavit in which she stated that the exclusive listing was not dated and did not state the addresses of all the parties. Pursuant to Practice Book, 1963, 299 and 300, the plaintiff, through its president, filed an opposing affidavit in which it stated that the exclusive listing did contain the addresses of all the parties as well as the date upon which authorization was given by the defendant to the plaintiff. After a hearing on the motion for summary judgment, the court concluded that no genuine issue of fact existed and rendered judgment for the defendant. The plaintiff has appealed, assigning as error the granting of the defendant's motion for summary judgment.
"A motion for summary judgment is designed to eliminate the delay and expense incident to a trial when there is no real issue to be tried." Dorazio v. M. B. Foster Electric Co., 157 Conn. 226,228. "The test of the requirement for the granting of a summary judgment that the moving party be entitled to judgment as a matter of law is resolved by applying to the established facts the same criteria as used in determining whether a party would be entitled to a directed verdict on the same facts." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 380. In determining whether a genuine issue of material fact exists in this case, we have examined the pleadings, affidavits and contract as well as any inferences which could be drawn from them. *Page 619 
An examination of the exclusive listing reveals that it was prepared on a printed form supplied by the plaintiff. The form contained several blank spaces, some of which were filled in, such as the name of the plaintiff as well as the location of the subject property, the sale price, the commission fee, the effective date of the listing together with its terms, and the signatures of the parties. The blank space for the date of the contract was partially filled in because the year was stated but the month and day were omitted. The space for the defendant's or owner's address was also left blank.
The plaintiff contends that a genuine issue of fact exists as to the date because the trier could infer that the statement on the exclusive listing, "[t]his agreement will be effective commencing Sept. 17, 1976," was the date of the contract or authorization. The plaintiff also urges that the court could reasonably and logically infer that the location of the property as shown on the agreement was in fact the defendant's or owner's address.
Section 20-325a (b) of the General Statutes is clear and unambiguous and provides, inter alia, that the date on which the contract was entered into or such authorization given be inserted as well as the addresses of all parties. "Authorization," in the precise statutory language, means "the act of authorizing . . . the state of being authorized." Webster, Third New International Dictionary. The contract states: "This agreement will be effective commencing Sept. 17, 1976 and will remain effective through and including Dec. 17, 1976." Again, in Webster, Third New International Dictionary, the word "effective" is defined as "exerting authority . . . capable of being used to a purpose . . . taking effect." Accordingly, the third requirement of 20-325a (b) was complied with inasmuch as the *Page 620 
authorization could be found to have been given on September 17, 1976. In this conclusion there is no disregard of the legislative mandate because the statutory language is being construed in accordance with the commonly approved usage of the language. General Statutes 1-1; Weingarten v. Allstate Ins. Co., 169 Conn. 502, 507. Moreover, words used in a contract are to be given their ordinary meaning unless there is a suggestion that the parties had a technical or special meaning in mind. Dorne v. Williams, 140 Conn. 193, 199.
As to the second requirement of the statute, there was no compliance because the address of the defendant was not inserted. That constitutes a material omission. It may well be that the location of the property for sale is also the address of the defendant or owner. That fact, however, is not contained in the agreement but is furnished in an affidavit filed by the plaintiff. "A statute which restricts the conduct of an occupation which was lawful at common law should be construed with reasonable strictness." Connecticut Chiropody Society, Inc. v. Murray,146 Conn. 613, 617. "Whatever the characterization of the statutes may be, effect must be given to the legislative intent as expressed by the wording used in the statute. . . . If the language of the statute is clear and unambiguous, we cannot subject its meaning to modification by construction." Colli v. Real Estate Commission, 169 Conn. 445, 450.
There was no compliance by the plaintiff with the provisions of 20-325a (b)(2) of the General Statutes. Since the statute provides that "[n]o person, licensed under the provisions of this chapter, shall commence or bring any action," the word "shall" connotes that the performance of this obligation is mandatory, as opposed to permissive. Akin v. Norwalk,163 Conn. 68, 74. The plaintiff was prohibited *Page 621 
from commencing or bringing the action and no genuine issue of fact existed to prevent the granting of the defendant's motion for summary judgment.
 There is no error.
In this opinion A. HEALEY, J., concurred.