## Thompson, et al. v. First State Bank of Irvington.

(Decided November 23, 1926.)

### Appeal from Breckinridge Circuit Court.

1.  Banks and Banking—Bank Cashing for Payee Check, Void as Given for Gambling Debt, could Recover from Payee (Kentucky Statutes, Section 1955).—Where payee of check given for gamb-

ling debt cashed it before payment was stopped, bank cashing it was entitled to recover amount from payee, Kentucky Statutes section 1955, making such checks void.

2. Banks and Banking—Bank Crediting Check, Void as Given for Gambling Debt, could Recover from Payee Drawing Out Proceeds. (Kentucky Statutes, Section 1955).—Where payee of check, void under Kentucky Statutes, section 1955, as given for gambling debt, deposited check with plaintiff bank and drew out proceeds, upon payment being stopped by drawer at drawee bank, plaintiff bank could recover amount paid from payee.

3. Banks and Banking—Evidence of Collusion Between Depositor of Void Check and Person Cashing Check on Depositor's Account Held Insufficient to Entitle Bank to Recover from Both (Kentucky Statutes, Section 1955).—Evidence of collusion between the payee of a check, void under Kentucky Statutes, section 1955, and person who cashed check on payee's account, in which void check had been deposited, held insufficient to entitle bank to recover amount of void check, payment on which had been stopped, from person cashing check on payee's account.

GUS BROWN for appellants.

A. R. KINCHLOE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming in part and reversing in part.

In a game of "stud poker," so called by the witnesses, which the parties seem to agree was a game of chance, Murray Butler lost $675.00 to appellant, F. M. Thompson. He gave Thompson two checks in settlement, one for $600.00, and the other for $75.00. The checks were drawn against Butler's account with the Bank of Hardinsburg & Trust Company, of Hardinsburg, Kentucky. Thompson cashed the $75.00 check, and took credit by the $600.00 check at the First State Bank of Irvington, appellee herein. Later on the same day he gave appellant, William Tobin, a check for $600.00 against his account with appellee bank, who presented it for payment and received $600.00 in cash on it. It is immaterial what efforts were used by appellee bank to ascertain whether the Butler checks drawn on the Bank of Hardinsburg & Trust Company were good and would be paid when presented before it cashed the $75.00 check for Thompson and credited his account with the $600.00 check, and before it paid Thompson's $600.00 check to Tobin, because no appeal has been prosecuted by appellee bank from the judgment of the trial court absolving

the Bank of Hardinsburg & Trust Company from liability herein. Before the checks given by Butler to Thompson were presented for payment to the bank on which they were drawn he had notified it not to pay them as they were given to cover his losses in a game of chance, and when presented they were dishonored and protested. This action was thereupon instituted by appellee, First State Bank of Irvington, to recover from F. M. Thompson the $75.00 it had paid him in cash on the Butler check for that amount, and from F. M. Thompson and William Tobin the $600.00 it had paid to the latter on Thompson's check drawn, delivered, presented and paid, as above indicated. By the action appellee also sought to recover from the Bank of Hardinsburg & Trust Company the full amount of the two checks which were protested by it for nonpayment when presented. However, for the reason above indicated that feature of the case need be given no further attention. Defenses were interposed by both Thompson and Tobin, and upon the trial below the chancellor adjudged that appellee recover of appellants, F. M. Thompson and William Tobin, $600.00, with interest and cost, and from appellant, F. M. Thompson, the sum of $75.00 and $4.58, protest fees. This appeal is prosecuted by both Thompson and Tobin from that judgment.

With reference to the contentions of appellant, F. M. Thompson, but little need be said. Relying upon section 1955, Kentucky Statutes, which provides that all contracts, conveyances, transfers or assurances for the consideration in whole or in part of money, property or other thing won, lost or bet in any game, sport, pastime, or wager shall be void, and numerous opinions of this court construing and upholding the statute, it is insisted for appellant, Thompson, that appellee bank could not recover from him the $675.00 obtained by him from it on the two Butler checks, because they were given to settle Butler's losses to him in a game of chance. Alexander & Company v. Hazelrigg, 123 Ky. 677; Cochran v. German Insurance Bank, 9 Ky. L. R. 196; Farmers' & Drovers' Bank of Louisville v. Unser, 13 Ky. L. R. 966; Doerhoefer's Exor., 188 Ky. 413; and Bohon's Assignee v. Brown, 101 Ky. 354, cases involving gambling transactions and construing the statute, *supra*, are cited and relied upon by him. Those cases, however, go no further than to establish that checks, notes or other commercial paper growing out of gambling transactions are void

under the statute and can not be enforced against the maker though in the hands of an innocent purchaser. The statute above and those and other cases construing it were the authority for Butler, who gave the two checks to appellant, Thompson, to stop payment on them since they were drawn by him in settlement of his losses in a game of chance. Those cases, construing the statute *supra,* do not announce the doctrine that, if a payee has obtained cash or credit from an innocent purchaser upon paper so declared void where upon presentation the maker under authority of the statute refuses payment, such innocent purchaser may not recover from the payee what he had paid to him. It would be a strange doctrine indeed to hold that, one winning money in a game of chance and receiving a check in settlement who obtains credit or cash on the check at his bank, would not be liable to the bank, if when presented for payment to the bank on which drawn the check should be dishonored. The check being void under the statute above, appellant, Thompson, is in no better position than if he had obtained credit by depositing $675.00 with appellee bank in currency afterwards ascertained to be counterfeit, or if the check on Butler had been forged by him. Unquestionably the chancellor correctly adjudged that appellee bank recover from appellant, Thompson, the full amount of the two checks, together with the protest fees and interest and cost.

The appeal so far as appellant, Tobin, is concerned presents a more difficult question. Tobin was no party to the game of chance or to the transaction involved in either of the checks given by Butler made void under the statute, *supra.* Appellee bank gave appellant, Thompson, credit by the $600.00 check. Thompson subsequently gave appellant, Tobin, a check for that amount drawn against his account with appellee bank. That check was presented for payment in due course and was paid in cash to appellant, Tobin. The check which he presented and which appellee paid was not given either wholly or in part for any of the considerations which under section 1955, *supra,* Kentucky Statutes, would have rendered it void. Appellee insists and the chancellor seems to have concluded that the record affords sufficient evidence that Thompson's giving Tobin the check and Tobin presenting it for and receiving payment of it was a fraudulent scheme resorted to to enable Thompson to obtain the

money on the void gambling check. It may be assumed that Thompson desired to obtain the money before Butler's checks were presented for payment to the bank on which they were drawn lest when presented they be dishonored. Appellant, Tobin, appears to be a merchant in a village some four miles from Irvington, where appellee bank is located. They both testified as to how it occurred that the $600.00 check was given to him, and no other testimony on the subject appears in the record. They stated that Thompson entered Tobin's place of business and was requested to settle a small account owing by him. Thompson stated that he had $600.00 on deposit with appellee bank and owed other debts beside that to Tobin which he wanted to pay. He told Tobin that he would give him a check for the full $600.00 if the latter would go to the bank and cash the check. He would then pay Tobin the amount of his account and would have cash with which to settle his other debts. Tobin owned a car in which the trip to the bank could be made. Thompson did not. They both testified that the check was drawn in that way and that Tobin cashed it, returned to his place of business, deducted the amount of his account and paid appellant, Thompson, the difference. No other fact or circumstance appearing in the record tends in the least to establish that Tobin's connection with the transaction was collusive or was had by him to the fraudulent end that appellant, Thompson, might obtain the cash on the $600.00 Butler check. We are constrained to hold that the circumstances appearing herein under which the check was given to, presented and collected by appellant, Tobin, are not sufficient to establish fraudulent collusion upon his part to enable appellant, Thompson, to collect the void gambling check. The transaction between appellant, Tobin, and appellee bank was closed when he presented for payment the $600.00 check, drawn by Thompson, and received the cash on it. As between them by paying that check the bank assumed full responsibility for the validity of the Butler check for $600.00, proceeds of which had been credited by it to Thompson's account.

For the reasons indicated, the judgment herein against appellant, Thompson, is affirmed; and the judgment against appellant, Tobin, is reversed with direction that judgment dismissing the petition herein as to him be entered.