CHARLES K. GORDY *vs.* ROGER E. LEONARD.

Third Judicial District, Bridgeport, April Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 17th—decided June 1st, 1931.

*Arthur Klein*, with whom, on the brief, was *Harry N. Alderman*, for the appellant (defendant).

*David S. Rivkin* and *J. Birney Tuttle*, for the appellee (plaintiff) submitted a brief but, at the direction of the court, did not argue the cause.

PER CURIAM. The plaintiff sought damages resulting from the failure of the defendant to pay for certain shares of stock sold to him. The agreement of sale was oral and the defense was that there was not such a delivery of and acceptance of the stock as to comply with the statute of frauds. The defendant seeks several corrections in the finding but none of them can be made. The certificates representing the shares of stock were actually delivered by the plaintiff to the defendant, indorsed in blank. The plaintiff expected to receive a check upon delivery but the defendant informed him that he could not pay for them then, told him to call a little later that morning for his check, and gave him a receipt for them. The defendant then tried to sell the stock but found that there was no market for it. When a little later that day

the plaintiff called for the check the defendant denied he had purchased the stock, claiming he had accepted it merely for sale on commission. After two other refusals by the defendant to pay for the stock, the plaintiff presented the receipt to an employee of the defendant and obtained the certificates. While the plaintiff, when he delivered them, had expected immediate payment, the effect of the transaction at that time was to give to the defendant a limited credit and the situation was in its essence no different from any delivery and acceptance of goods sold upon credit instead of for cash. The efforts of the defendant to sell the stock after it had been delivered to him is in itself indicative of an acceptance of it under the statute. The conclusion of the trial court that there had been a sufficient delivery and acceptance to comply with the statute must stand. *Devine* v. *Warner,* 75 Conn. 375, 379, 53 Atl. 782; *DeNunzio* v. *DeNunzio,* 90 Conn. 342, 345, 97 Atl. 323.

There is no error.