AUGUST MUNZENMAIER v. NATHANIEL S. QUICK, JR.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and SHEA, JS.

Argued January 6—decided February 26, 1948

*Louis Sperandeo,* for the appellant (defendant).

*Samuel H. Platcow,* with whom, on the brief, was *Hubert L. Dickerman,* for the appellee (plaintiff).

BROWN, J. The plaintiff brought this action to recover on the defendant's oral agreement to pay to the plaintiff $500 for certain electrical refrigerating equipment which the plaintiff had installed and had been using on premises occupied by the defendant. Judgment was rendered for the plaintiff and the defendant has appealed. As the case is presented to this court, the sole question for determination is whether the defendant has a valid defense under the Statute of Frauds. The statute, General Statutes, § 5983, contains these pertinent provisions: "A contract to sell or a sale of any goods . . . of the value of one hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods . . . so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf. . . . There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

The undisputed facts may be thus summarized: Since 1936 the defendant has operated his wife's farm in East Haven, where he has raised hogs. From 1936 to 1938 the plaintiff purchased hogs of the defendant, who permitted him without charge to slaughter them in a shed on the farm. Early in 1938, pursuant to a mutual understanding between the

parties, an addition was built to the barn on the premises and installed in it was a large refrigeration box served by electric refrigerating equipment. The plaintiff expended $1800 on these improvements, $900 of which was for the purchase and installation of the refrigerating equipment. This equipment did not become a part of the realty but remained personal property which it was expressly agreed belonged to the plaintiff. It was further agreed that the defendant would permit the plaintiff to have the use of the barn and the addition at a rental of $15 per month plus the cost of the electricity there used. From the spring of 1938 until January, 1941, the plaintiff occupied and used the barn and addition for slaughtering hogs and paid this agreed rental. Late in December, 1940, the plaintiff told the defendant that his condition of health would not permit him to continue in the slaughtering business. At the end of January, 1941, the defendant agreed with the plaintiff to purchase the equipment for $500 and to pay this amount during the summer. In March, 1947, the equipment still remained in place, apparently as originally installed upon the premises. Notwithstanding repeated demands by the plaintiff for payment of the price as agreed, the defendant has paid no part of it.

The court further found that in January, 1941, the defendant "accepted and purchased" the equipment and that "before the plaintiff moved out of said premises in January, 1941, he turned over and delivered possession of and title to said refrigeration unit and equipment to defendant and defendant received and accepted the same from the plaintiff." There was no memorandum and nothing given in earnest to bind the contract, so that the plaintiff relies upon these findings, that the defendant re-

ceived and accepted the equipment, to take the case out of the statute. The defendant has assigned error in these findings as "not based upon any facts or evidence." Whether there was evidence to warrant them therefore becomes the ultimate question.

To evaluate the evidence properly, it is essential to have in mind the significance of the words "accept" and "actually receive" as used in the statute. To "accept" means more than merely to "actually receive." Since the agreement of sale and purchase is conceded, whether the plaintiff is entitled to the benefit of the provision upon which he relies depends then upon the existence of two essential requisites, (1) that pursuant to the agreement he parted with and the defendant received possession and control of the equipment, and (2) that the defendant accepted the equipment as that purchased. *Devine* v. *Warner,* 75 Conn. 375, 379, 53 A. 782. While it is true that there was no manual delivery of the equipment here, "there may be an acceptance and actual receipt of goods by the vendee pursuant to a sale unaccompanied by a manual delivery or actual change of custody," where there is clear and unequivocal proof to establish an actual change in the relation of the parties to the goods. *Devine* v. *Warner,* 76 Conn. 229, 232, 56 A. 562; *DeNunzio* v. *DeNunzio,* 90 Conn. 342, 347, 97 A. 323; see Browne, Statute of Frauds (5th Ed.) §§ 318, 318a, 320; 1 Williston, Sales (2d Ed.) § 74. Furthermore, as the last sentence of the statute expressly provides, the buyer's expression by words or conduct of his assent to becoming the owner of those specific goods may constitute an acceptance. See *Gordy* v. *Leonard,* 113 Conn. 760, 155 A. 67; *Calkins* v. *Lockwood,* 17 Conn. 154, 173. Whether there have been an acceptance and a receipt ordinarily presents a question of

fact for the trier. *Barrett Mfg. Co.* v. *D'Ambrosio,* 90 Conn. 192, 199, 96 A. 930; *Bulkley* v. *Waterman,* 13 Conn. 328, 332; 1 Williston, Sales (2d Ed.) § 96.

In the light of these principles, it is manifest that there was ample evidence to sustain the court's finding of the receipt and acceptance of the goods by the defendant. This follows from the testimony, including that of the plaintiff that he turned the refrigerator, motor and equipment over to the defendant, which the latter made no attempt to contradict or limit or qualify, with the reasonable inferences therefrom, considered, as it must be, in connection with the testimony establishing certain of the undisputed facts already recited. Among these are the exclusive possession and use of the premises and equipment by the plaintiff as tenant until January, 1941; his termination of his slaughtering business and possession under his tenancy, accompanied by notice thereof and the sale of the equipment to the defendant in January, 1941; the possession by the defendant of the premises and equipment thereupon taken over, followed by his use of it thereafter; and the fact that the equipment is still on the defendant's premises. The change in the parties' relationship to the equipment and the thorough and complete extent and nature of the defendant's succession to the plaintiff's possession and use of it are vividly brought out by this bit of cross-examination of the defendant: "Q. Is all that equipment still in there? A. Yes. Q. And being used by you and the other butchers? A. Yes. Q. And they pay you for the rent of it? A. You bet." Where a vendee "does any act in relation to specified goods, which necessarily involves the conclusion that he has taken them as owner, there is an acceptance." 1 Williston, Sales (2d Ed.) § 77.

In a case where the plaintiff sued on an oral contract for the agreed price of trees standing on the defendant's land which under a previous contract the plaintiff owned and was entitled to cut, the Maryland court, in holding that though the action was one for a sale of goods the Statute of Frauds was no defense because the sale was taken out of the statute by a delivery of the trees to the defendant, used this language, which well summarizes the situation as to the equipment here in question: "We do not see how it is possible to effectuate a delivery more perfect than the one in this case. The defendant owned and had possession of the land on which the trees were. It was not physically possible for the plaintiff to give him a more perfect possession, unless he had severed the trees from the soil, which, by the terms of the contract, he was not bound to do, and which, in all probability, would have defeated the motive of the defendant in making the repurchase, . . . a desire to have the trees remain standing on his land." *Smith* v. *Bryan,* 5 Md. 141, 151, 59 Am. Dec. 104. The court's finding in the instant case cannot be disturbed.

There is no error.

In this opinion the other judges concurred.