MURFREESBORO BANK & TRUST CO. *v.* TRAVIS *et al.*

(*Nashville*, December Term, 1949.)

Opinion filed June 9, 1950.

A. B. HUDDLESTON, of Murfreesboro, for complainants.

C. L. CUMMINGS, of Murfreesboro, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This cause arose out of a gambling transaction involving $3,850, the proceeds of a check drawn on complainant Bank and cashed by it. The suit is for the recovery of this money. The Chancellor overruled a demurrer to the bill and this appeal resulted.

For some time preceding the date of the check, August 31, 1948, defendants Travis and Jones were partners and carried on numerous gaming and gambling transactions in a storehouse just off the Public Square in Murfreesboro.

The bill charges that on August 31, 1948, one S. D. Fuston made several bets with defendants on several day and night baseball games then being played, and that as a result Fuston lost to defendants the sum of $3,850 involved in this suit; that Fuston settled with defendants by delivering to Travis his check, payable to the order of "Cash," drawn upon complainant Bank.

The bill further charges that on or about September 2, 1948, Fuston stopped payment on said check by writing complainant Bank not to pay the check if it was presented for payment; that at the time said check was given Fuston did not have sufficient funds to the credit of his account in complainant Bank to pay said check, but at times previous to this he did have sufficient funds

to pay this check. On the same day payment of said check was stopped, but some time after said stop payment order was given to complainant Bank by S. D. Fuston, defendants procured one Clark Northcutt to take said check to complainant Bank for them. The check was presented for payment by Northcutt at the teller's window in charge of H. A. Lee, Jr., and the said Lee, after requiring Northcutt to endorse said check, paid the sum of $3,850 to Northcutt. Northcutt had no interest in the check, or its proceeds, and was acting as the agent of defendants and for their accommodation, and immediately delivered the proceeds of said check to them.

The bill also charges that the amount of the check involved a gambling transaction; that there were no innocent purchasers for value of said check; that Fuston advised defendants at the time he gave them the check he did not have sufficient funds in complainant Bank to cover the amount of the check; that defendants had good and ample grounds to believe that Fuston had stopped payment on the check at the time it was presented for payment by Northcutt; that said check was paid by the teller through inadvertence and oversight, and that none of the employees or officers of complainant Bank knew that the check had been given in a gambling transaction; that there was no consideration for the check; that defendants were not bona fide holders for value, or holders in due course of said check, that said check was given for an illegal consideration; that its collection could not be enforced by defendants, if collection thereof had been, or should be, sought from said Fuston.

It is insisted by complainant Bank that this is a suit to recover moneys paid under mistakes of fact, resulting in the unjust enrichment of defendants.

■ The right of a bank to recover from the person receiving money upon a check, when the bank pays a check drawn upon it, through inadvertence or oversight, in disregard of a stop payment order, as money paid under mistake, is sustained by the following decisions of courts from other states: *National Loan & Exchange Bank* v. *Lachovitz,* 131 S. C. 432, 128 S. E. 10, 39 A. L. R. 1237; *Thompson et al.* v. *First State Bank of Irvington,* 216 Ky. 703, 288 S. W. 702; *Union & New Haven Trust Co.* v. *Thompson et al.,* 134 Conn. 407, 59 A. (2d) 727. See 9 C. J. S., Banks and Banking, Section 354(c) and (d); and *Guild* v. *Baldridge,* 32 Tenn. 295, cited with approval in *State* v. *Bennett et al.,* 181 Tenn. 196, 180 S. W. (2d) 891.

"Where a bank honors and pays a check under a mistake of fact, it may sue for recovery of the money against one receiving payment thereon who is not a bona fide holder for value; and, accordingly, it has been held that the bank can recover of the payee or holder where it pays under the mistaken belief that the check, deposited for collection, was paid, or where the bank pays, not knowing that the drawer has gone into the hands of a receiver, or that the check was given for a gambling debt, or where the cashier in paying the check mistakes the serial number for the amount." 9 C. J. S., Banks and Banking, Section 354 (d).

The case of *Guild* v. *Baldridge, supra,* was one where plaintiff "believed he had paid the debt, but . . . had nothing to show payment." 32 Tenn. 297. Upon finding his receipt, plaintiff sued to recover the money he had paid, and this Court held he could recover.

■ In the present cause defendants are not bona fide holders for value of the check. They parted with

nothing for the check, and the check was not supported by valid consideration. Under the statements of the bill, Northcutt (who cashed the check) was simply an agent of defendants.

We find no error in the decree of the Chancellor overruling the demurrer to the bill and his decree is, therefore, affirmed.

All concur.