ACKERMAN-BEARDSLEY-BENNETT, INC. *v.* JAMES BAKER

COURT OF COMMON PLEAS   NEW LONDON COUNTY   FILE NO. 13776

206

Memorandum filed November 30, 1954.

*Brown, Jewett & Driscoll,* of Norwich, for the plaintiff.

*George E. Kinmonth,* of Mystic, for the defendant.

FITZGERALD, J. The within action is one in contract. The plaintiff seeks to recover damages of the defendant for the latter's refusal to fulfill the terms of an oral agreement regarding the purchase of a quantity of citrus pulp. Upon the joining of issues the following facts were disclosed at the trial: On October 29, 1953, an agent of the plaintiff in person obtained from the defendant an oral order for two carloads of citrus pulp, each in the amount of twenty tons, at cost of $61 a ton. The particular brand ordered has the trade name of Suni-Citrus and is used in the feeding of cattle. It was agreed that the delivery of the first carload was to be made to the defendant at Old Mystic in November of that year and the second carload in January, 1954. Before the delivery of the first carload, the defendant asked for and was granted a postponement of that delivery. In the following month, and before any delivery had been made by the plaintiff, the defendant orally canceled his earlier agreement of purchase. The plaintiff at all times had been ready to make the two deliveries.

As a consequence of the defendant's cancellation of his agreement, the plaintiff was required to sell the citrus pulp in the open market. That market had fallen substantially since October 29, 1953, and the

plaintiff sustained a loss of several hundred dollars. A few days after the defendant had placed his oral order with the plaintiff, he received from the latter's office in Albany, New York, a written confirmation in duplicate of that order. Neither the defendant nor an agent of his ever signed any memorandum or other writing pertaining to the transaction.

At the conclusion of the evidence presented by the parties, the defendant invoked the Statute of Frauds as a defense to any recovery by the plaintiff. The statute, General Statutes, § 8294, contains these pertinent provisions: "A contract to sell or a sale of any goods . . . of the value of one hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods . . . so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf. . . . There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, expresses by words or conduct his assent to becoming the owner of those specific goods."

The evidence submitted discloses that the transaction involved more than $100, that the defendant never accepted and received the citrus pulp in a physical sense, or made part payment, or personally signed a memorandum or that such was signed by his agent. In resisting the defendant's contention that the agreement between the parties is unenforceable under the statute, the plaintiff urges four arguments which will be considered in the order presented.

1. The defendant did not plead specially the statute as a defense to the action.

The short answer is that advantage of the Statute of Frauds may be taken under a simple denial; it need not be specially pleaded. Practice Book, § 102.

2. The fact that the plaintiff dispatched to the defendant a written confirmation of the transaction sufficiently satisfies the statutory requirement of a memorandum "signed by the party to be charged or his agent."

The weight of authority is that it is the signing of a memorandum by the defendant or his agent that is the important factor, "without regard to what part of the contract he is to perform." 2 Williston, Contracts (Rev. Ed.) p. 1687, § 586; see also 2 Corbin, Contracts, p. 771, § 523; *Hodges* v. *Kowing,* 58 Conn. 12, 19. In the case at bar neither the defendant nor his agent signed a memorandum or other writing.

3. The equitable doctrine of part performance takes the agreement out of the Statute of Frauds within the scope of the discussion in *Harmonie Club, Inc.* v. *Smirnow,* 106 Conn. 243, 247 et seq.

The short answer is that the equitable doctrine of part performance applies exclusively to oral agreements for the sale of land. 2 Williston, Contracts (Rev. Ed.) p. 1543, § 533; Restatement, 1 Contracts § 197. The case at bar is not concerned with the sale of land.

4. The last sentence of the statute, which expressly provides that the buyer's expression by words or conduct of his assent to becoming the owner of those specific goods may constitute an acceptance, is operative and defeats in any event the defendant's position.

In gauging the limits of this argument, certain additional facts are required to be noted. The written confirmation in duplicate sent by the plaintiff to the defendant a few days after October 29, 1953, con-

tained the following printed provision: "This is a contract. Please sign and return duplicate promptly. Failure to do so or to state objections hereto promptly will constitute acceptance hereof. See conditions of sale—reverse side." The only condition on the reverse side requiring quotation is the first, reading: "This order is not subject to countermand or alteration, except by mutual agreement."

The defendant read the foregoing provision and condition. He did not state any objection thereto. Neither did he sign and return the duplicate to the plaintiff. In issuing to the defendant the written confirmation in duplicate, the plaintiff was following its usual custom in such matters. It rarely happens that a customer of the plaintiff signs and returns the requested duplicate. It has been the plaintiff's custom over the years, and that of others engaged in the same kind of business, not to require the signing of a memorandum by a customer or his agent at the time an order is placed. The transaction in question followed the usual pattern in the plaintiff's business, and in similar businesses, in procuring orders.

In *Munzenmaier* v. *Quick,* 134 Conn. 404, 407, the last sentence of the statute was considered and held to be satisfied on the facts of that case. There the subject of the oral agreement related to the sale of a specific electric refrigerating equipment already in the possession of the defendant buyer. That is not the situation at bar. So far as the evidence discloses, the citrus pulp to be delivered to the defendant never left the plaintiff's warehouse up to the time of the defendant's cancellation. That warehouse appears to have been located in Florida and presumably housed pulp well in excess of the order.

In 49 Am. Jur. 590, § 275, it is stated that "the general rule is that mere words are not sufficient to constitute a delivery and acceptance which will take

an oral contract of sale of personalty out of the statute of frauds. There must be some unequivocal act or conduct over and beyond the mere terms of the verbal agreement indicating, on the one hand, an intent to vest the ownership and absolute dominion in the buyer, and on the other hand, an intent to take the goods as owner of such title as the contract calls for in the performance of the agreement."

The court will not accept the plaintiff's argument that the last sentence of the statute (§ 8294), when applied to the facts of the case at bar, advantages its position. It would appear that the written confirmation in duplicate sent by the plaintiff to the defendant, which contained the provision and condition quoted, was nothing more than a method adopted by the plaintiff to secure by indirection the equivalent of a signed memorandum from the defendant by implication if not otherwise. The method employed cannot be said to have accomplished such a result.

That the defendant asked for a delay in the first shipment is not deemed by the court to have constituted an acceptance on the part of the defendant "by words or conduct [showing] his assent to becoming the owner of those specific goods" within the purview of the last sentence of the statute. So also, the fact that the plaintiff adhered to its usual custom in taking the defendant's oral order and followed through thereafter with a written confirmation, in the manner described, is not deemed to be of consequence. This custom should be supplanted by a stricter business policy conforming to the law of contracts with due regard to the statute under consideration.

Further discussion is not required.

Let judgment enter for the defendant.