## JEFFREY RIDDICK *v.* COMMISSIONER OF CORRECTION
## (SC 18394)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan and Eveleigh, Js.

Argued March 22—officially released May 24, 2011

*Deborah G. Stevenson,* special public defender, for the appellant (petitioner).

*Rita M. Shair,* senior assistant state's attorney, with whom were *John A. Connelly,* former state's attorney, and, on the brief, *Gail P. Hardy,* state's attorney, for the appellee (respondent).

PER CURIAM. In 1998, the petitioner, Jeffrey Riddick, was convicted of one count each of murder in violation of General Statutes § 53a-54a and risk of injury to a child in violation of General Statutes § 53-21. He was sentenced to a total effective sentence of sixty-three years incarceration, and his conviction was affirmed on direct appeal. See *State* v. *Riddick*, 61 Conn. App. 275, 277, 763 A.2d 1062, cert. denied, 255 Conn. 946, 769 A.2d 61 (2001).

In 2001, the petitioner, in a self-represented capacity, filed a petition for a writ of habeas corpus. In 2003, following the appointment of a special public defender, Margaret P. Levy, to represent him, the petitioner filed an amended petition, alleging that his convictions were obtained in violation of his federal and state constitutional rights to due process and to effective assistance of counsel. Subsequently, after investigating all of the claims raised by the petitioner, Levy filed a motion for leave to withdraw pursuant to Practice Book (2003) § 23-41.[1] In an accompanying memorandum of law, Levy

---

[1] Practice Book (2003) § 23-41 provides: "(a) When [habeas] counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case.

"(b) Any motion for leave to withdraw shall be filed under seal and provided to the petitioner. Counsel shall serve opposing counsel with notice that a motion for leave to withdraw has been filed, but shall not serve opposing counsel with a copy of the motion or any memorandum of law. The petitioner shall have thirty days from the date the motion is filed to respond in writing.

"(c) The judicial authority may order counsel for the petitioner to file a memorandum outlining:

"(1) the claims raised by the petitioner or any other potential claims apparent in the case;

"(2) the efforts undertaken to investigate the factual basis and legal merit of the claim[s]; [and]

"(3) the factual and legal basis for the conclusion that the case is wholly frivolous."

opined that the petitioner's claims were "factually and legally wholly frivolous" as contemplated by the standard of *Anders* v. *California,* 386 U.S. 738, 744–45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).[2] Levy acknowledged, however, that "[t]he court, not counsel, bears the responsibility of determining whether the case is wholly frivolous. The court must make a full examination of all the proceedings before making that decision. . . . A full examination necessarily includes a review, by counsel as well as the court, of the transcripts of all prior proceedings." (Citations omitted.) The petitioner, who was notified of his counsel's motion to withdraw, filed an objection.

On February 24, 2004, the habeas court granted Levy's motion to withdraw and dismissed the habeas petition pursuant to Practice Book (2003) § 23-42.[3] In its memo-

[2] In *Anders,* the United States Supreme Court outlined a procedure that is constitutionally required when appointed counsel concludes that an indigent defendant's case is without merit and wishes to withdraw representation. *State* v. *Pascucci,* 161 Conn. 382, 385, 288 A.2d 408 (1971). "In the *Anders* case, the court said . . . [t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . . This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the [c]ourt to pursue all the more vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished it by counsel." (Internal quotation marks omitted.) Id., 385–86.

[3] Practice Book (2003) § 23-42 provides in relevant part: "(a) If the judicial authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner *pro se.* . . ." (Emphasis in original.)

randum of decision, the court stated that it had reviewed the entire file, including Levy's memorandum of law and the petitioner's objection, and it noted that, pursuant to *Anders*, it was required to undertake "a full examination of all the proceedings, to decide whether the case is wholly frivolous." After a brief analysis, in which it noted counsel's "numerous [citations] to the trial transcript," the habeas court concluded that the petitioner's claims were frivolous.

In August, 2006, the court denied the petitioner's request for certification to appeal, and the petitioner thereafter appealed to the Appellate Court. The petitioner claimed, inter alia, that the habeas court had abused its discretion in denying the petition for certification to appeal in regard to his claim that the habeas court improperly had granted Levy's motion for permission to withdraw. Specifically, he argued that the habeas court improperly had failed to read the transcript from his criminal trial in deciding the motion. Additionally, the petitioner claimed that he had raised issues that were not frivolous.

In March, 2008, in connection with the pending appeal, the habeas court granted the respondent's motion for articulation as to what comprised the " 'file' " that the court had reviewed in ruling on the motion to withdraw, specifically, whether it included a transcript of the petitioner's criminal trial. In its articulation, the court stated that it had no independent recollection of the case, but that it was the "court's normal procedure . . . to review all documents submitted by [the] petitioner's counsel and [the] petitioner. In this case . . . Levy referenced the transcript in her *Anders* memorandum. Ordinarily, if a transcript is referenced, but not submitted together with the motion for permission to withdraw and supporting memorandum, this court would ask the clerk to contact counsel and get the transcript for review. In addition, it is this court's com-

mon practice to require counsel to submit specific transcripts, even when they are not referenced in the *Anders* brief." The habeas court stated additionally that it had checked the court vault to see if the transcripts were there, which they were not, but explained that the normal court procedure was to return transcripts to counsel upon disposition of a case due to economy and space considerations. The court also confirmed that it had reviewed the entire court file, as well as Levy's motion to withdraw, her supporting memorandum and the petitioner's objection, as was the court's usual practice.

In March, 2009, the Appellate Court, after concluding that the habeas court did not abuse its discretion in denying the petition for certification to appeal, dismissed the petitioner's appeal. *Riddick* v. *Commissioner of Correction*, 113 Conn. App. 456, 466, 469, 966 A.2d 762 (2009). The Appellate Court reasoned, in relevant part, that the petitioner had not shown, as was his burden, that the habeas court and Levy had failed to comply with *Anders* or that he had raised nonfrivolous issues in his petition. Id., 464–67.

Thereafter, we granted the petitioner's request for certification to appeal, limited to the following issue: "Did the Appellate Court properly affirm the decision of the habeas court granting the motion of the petitioner's counsel to withdraw pursuant to *Anders* v. *California*, [supra, 386 U.S. 738]?" *Riddick* v. *Commissioner of Correction*, 292 Conn. 913, 973 A.2d 663 (2009). The petitioner now argues that the Appellate Court, utilizing an improper standard of review, improperly concluded that the habeas court and Levy followed the procedures required by *Anders*, and embodied in our rules of practice, for allowing appointed counsel to withdraw from habeas corpus proceedings. He argues further that his petition raised several nonfrivolous issues, and that his

constitutional rights to counsel, due process and equal protection have been violated.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.