DAVID TAYLOR *v.* COMMISSIONER OF CORRECTION
(AC 31835)
(AC 31923)
(AC 31942)

Gruendel, Beach and West, Js.

Argued November 28, 2011—officially released March 27, 2012

*Christopher Y. Duby,* special public defender, for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,*

state's attorney, and *David Clifton*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, David Taylor, appeals following the habeas court's denial of his three petitions for certification to appeal from the judgments dismissing his petitions for a writ of habeas corpus. In this consolidated appeal, the petitioner claims in docket number AC 31835 that the court abused its discretion when it denied his petition for certification to appeal because Practice Book (2009) §§ 23-41 and 23-42 are unconstitutional because they permit the court to dismiss a habeas petition without any evidentiary hearing.[1] We dismiss the appeals.

In September, 2001, the petitioner, a British citizen, pleaded guilty under the *Alford* doctrine[2] to one count of murder and was sentenced to twenty-five years incarceration. The petitioner has filed several habeas petitions, beginning in 2003.[3] In the present case, there are three consolidated appeals. In July, 2005, while his 2003 habeas petition was on appeal, the petitioner filed a habeas petition alleging ineffective assistance of habeas counsel. In July, 2008, the petitioner filed a habeas petition, claiming that his plea was not voluntary, that there

---

[1] The petitioner suggests in his brief that the habeas court's denials of his petitions for certification to appeal in docket numbers AC 31923 and AC 31942 are based on the alleged improper denial of the petition in docket number AC 31835. He does not provide any independent analysis of those denials and we therefore deem any such claims abandoned.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] In the petitioner's July, 2003 petition, the petitioner alleged that trial counsel was ineffective for failing to request a competency hearing and failing to inform him adequately of the consequences of pleading guilty. The court denied the habeas petition, and on appeal the petition was dismissed in its entirety. See *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 936 A.2d 611 (2007).

were procedural problems with regard to the presentence investigation report and that his counsel in the 2003 habeas action was ineffective. On December 3, 2008, the court granted the petitioner's motion to consolidate the 2005 and 2008 habeas petitions. On February 20, 2009, the petitioner's appointed counsel filed an *Anders*[4] brief to withdraw his appearance for the petitioner in the consolidated petitions. The petitioner filed an opposition to the motion to withdraw. On December 2, 2009, the court granted counsel's motion to withdraw and dismissed the consolidated habeas petitions. The court denied the petitioner's petition for certification to appeal. The petitioner appealed from that judgment and filed an application for a waiver of fees and the appointment of counsel. The court found the petitioner to be indigent, and thus waived the entry fee, but did not waive other fees necessary to prosecute the appeal and did not appoint counsel for the appeal.

---

[4] In *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the United States Supreme Court outlined a procedure that is constitutionally required when appointed counsel concludes that an indigent defendant's case is without merit and wishes to withdraw representation. *State* v. *Pascucci*, 161 Conn. 382, 385, 288 A.2d 408 (1971). "In the *Anders* case, the court said . . . [t]he constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. . . . Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned . . . . This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the [c]ourt to pursue all the more vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished it by counsel." (Internal quotation marks omitted.) Id., 385–86.

In September, 2009, while the *Anders* brief was pending in the petitioner's consolidated habeas action, the petitioner filed a habeas petition again alleging ineffective assistance of counsel and that his plea was not knowingly and intelligently made. The court, finding the petition to be wholly frivolous, declined to issue the writ pursuant to Practice Book § 23-24 and, in support of its ruling, cited the court's December 2, 2009 decision dismissing the consolidated habeas petitions. The court denied the petitioner's petition for certification to appeal. The petitioner then filed an application for a waiver of fees and the appointment of counsel. The court waived only the entry fee and declined to appoint counsel for the appeal. From these rulings, the petitioner filed his second appeal.

On December 4, 2009, the petitioner filed a habeas petition, claiming that his incarceration was illegal because the department of correction was "violating the [United States] [c]onstitution by setting arbitrary conditions for participation in an international prisoner transfer treaty in denying [his] requests for a transfer in 2002 and again this year in April." The court declined to issue the writ of habeas corpus and returned it to the petitioner pursuant to Practice Book § 23-24 (a) (1) on the ground that the court lacked jurisdiction. The court denied the petitioner's petition for certification to appeal and granted the petitioner's fee waiver application, waiving the entry fee but declining to appoint counsel. From this judgment, the petitioner filed his third appeal. Subsequently, the petitioner filed a motion to consolidate his three appeals, which this court granted.[5]

---

[5] On February 5, 2010, in the first appeal, the petitioner filed a motion for review of the habeas court's refusal to appoint him appellate counsel. The petitioner filed motions for review in his second and third appeals, seeking review of the court's denial of his requests for appointment of counsel. This court granted the petitioner's motions for review and the relief requested, directing the court to appoint counsel in the consolidated appeal. The petitioner was assigned counsel from the public defender's office. On January

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

On appeal, the petitioner's only claim concerned his first appeal and alleged that the court abused its discretion in denying his petition for certification to appeal because Practice Book (2009) §§ 23-41 and 23-42[6] are unconstitutional insofar as they permit a court to dismiss a habeas petition without an evidentiary hearing.[7] We disagree.

At the time of the court's judgment dismissing the petitioner's consolidated petition, Practice Book (2009) § 23-42 (a) provided in relevant part: "If the judicial

5, 2011, the petitioner filed with the habeas court a motion for replacement of appellate counsel, pursuant to Practice Book § 62-9A. The court denied the motion, and this court granted the petitioner's motion for review but denied the relief requested.

[6] Practice Book § 23-42 was revised in 2010 to no longer permit the judicial authority to dismiss the petition after concluding that a petitioner's case is wholly frivolous. Under the 2010 revision, the petitioner may proceed as a self-represented party following the withdrawal of counsel.

[7] On appeal, the petitioner does not challenge the court's decision to permit appointed counsel to withdraw after finding the petitioner's case to be wholly without merit. We note that the petitioner's only claim on appeal comes from the first of the petitioner's three separate appeals from the habeas court under docket number AC 31835.

authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. . . ." This court has held that this subsection "provides an explicit exception to the general rule requiring an evidentiary hearing before a habeas petition may be dismissed." *Riddick* v. *Commissioner of Correction*, 113 Conn. App. 456, 467, 966 A.2d 762 (2009), appeal dismissed, 301 Conn. 51, 19 A.3d 174 (2011) (certification improvidently granted); see also *Lorthe* v. *Commissioner of Correction*, 103 Conn. App. 662, 693, 931 A.2d 348 (habeas court, sua sponte, dismissed habeas petition pursuant to Practice Book [2004] § 23-42), cert. denied, 284 Conn. 939, 937 A.2d 696 (2007); *Freeney* v. *Commissioner of Correction*, 51 Conn. App. 378, 382, 721 A.2d 571 (1998) (habeas court, sua sponte, dismissed habeas petition pursuant to Practice Book [1998] § 23-42, formerly Practice Book § 529U), cert. denied, 247 Conn. 963, 724 A.2d 1125 (1999).

Although this court has upheld the dismissal of a petition pursuant to Practice Book (2009) § 23-42 as procedurally proper, no appellate court has ruled on the constitutionality of the provision, specifically whether it violates the petitioner's right to due process. We resolve due process claims pursuant to *Mathews* v. *Eldridge*, 424 U.S. 319, 334–35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

"Inquiry into whether particular procedures are constitutionally mandated in a given instance requires adherence to the principle that 'due process is flexible and calls for such procedural protections as the particular situation demands.' *Morrissey* v. *Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). There is no per se rule that an evidentiary hearing is required whenever a liberty interest may be affected. 'Due process . . . is not a technical conception with a fixed content unrelated to time, place and circumstances.'

. . . *Ingraham* v. *Wright*, 430 U.S. 651, 675, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977). Rather, the '[s]pecific dictates of due process generally require consideration of three distinct factors: [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the [state's] interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' *Mathews* v. *Eldridge*, [supra, 424 U.S. 335].

"When determining what procedures are constitutionally required, we must bear in mind that '[t]he essence of due process is the requirement that a person in jeopardy of a serious loss [be given] notice of the case against him and [an] opportunity to meet it.' . . . Id., 348–49. The elements of notice and opportunity, however, do not require a 'judicial-type hearing in all circumstances.' *Parham* v. *J.R.*, 442 U.S. 584, 608 n.16, 99 S. Ct. 2493, 61 L. Ed. 2d 101 (1979). So long as the procedure afforded adequately protects the individual interests at stake, there is no reason to impose substantially greater burdens on the state under the guise of due process. See *Douglas* v. *Warden*, 218 Conn. 778, 785, 591 A.2d 399 (1991) (due process requires 'notice and proceedings . . . adequate to safeguard the constitutional right for which the constitutional protection is invoked')." *State* v. *Lopez*, 235 Conn. 487, 492–93, 668 A.2d 360 (1995).

Applying this analysis to the present case, we conclude that the petitioner's due process rights were not violated by the court's dismissal of his consolidated habeas petitions without an evidentiary hearing. The first factor to consider is "the private interest that will be affected by the official action . . . ." *Hunt* v. *Prior*, 236 Conn. 421, 439, 673 A.2d 514 (1996). The private

interest affected in this case is the loss of the opportunity for the petitioner to have his claim considered on its merits following a hearing. The impact of such a loss depends on whether the petitioner's habeas petitions contained legitimate claims or are entirely frivolous.

This interest is not examined alone, however, it must be considered with the second factor, which requires the court to balance "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards . . . ." *Mathews* v. *Eldridge*, supra, 424 U.S. 335; see also *Hunt* v. *Prior*, supra, 236 Conn. 439. Here, the second element of the test involves consideration of the risk that the court will dismiss a meritorious petition pursuant to Practice Book (2009) § 23-42. The risk of this deprivation is low based on the procedural safeguards in place. Under § 23-41 (a), following a "conscientious investigation and examination of the case, [if counsel] concludes that the case is wholly frivolous" counsel may make a motion to withdraw. Section 23-41 (b) provides the petitioner with thirty days to respond to his counsel's motion to withdraw. In the present case, the petitioner filed a twenty-three page memorandum in opposition to counsel's motion to withdraw, articulating his basis for claiming that his consolidated petitions were not frivolous. Additionally, § 23-41 (b) provides the petitioner with adequate notice of the action the court could take in regard to his petitions, and with an opportunity to rebut claims made by his counsel regarding whether his case is wholly frivolous. Although that opportunity does not come in the form of a "judicial-type hearing," the case law is clear that as long as the procedures in place adequately protect the petitioner's individual interests at stake, a full evidentiary hearing is not necessary to comport with due process. In the present case, the court carefully considered counsel's motion to withdraw and

the petitioner's memorandum in opposition, concluding in a fifteen page memorandum of decision that the consolidated petitions were "wholly without merit" prior to dismissing same. Further, the petitioner could have sought appellate review of the dismissal of his petitions, however, here, the petitioner has not challenged on appeal the merits of the court's determination.

The final factor to consider under *Mathews* is "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews* v. *Eldridge*, supra, 424 U.S. 335; see also *Hunt* v. *Prior*, supra, 236 Conn. 439–40. The government has an interest in the proper adjudication of a habeas petitioner's claims. This interest is limited, however, by the resources of the state. Allowing the case to continue despite a determination by the court that the case is wholly without merit places an unnecessary burden on the respondent to continue to litigate a frivolous case.

Considering all of these factors, we conclude that the procedures used did not expose the petitioner to an unreasonable risk of erroneous deprivation of his liberty. We further determine that there would be little value in the imposition of additional procedural safeguards. Therefore, we conclude that Practice Book (2009) §§ 23-41 and 23-42, as applied to the petitioner, did not violate the petitioner's procedural due process rights under the federal constitution.

Accordingly, we conclude that the petitioner has not demonstrated that this issue is debatable among jurists of reason, that a court could resolve this issue differently or that the question raised deserves encouragement to proceed further.

The appeals are dismissed.

In this opinion the other judges concurred.