******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DAVID TAYLOR *v.* COMMISSIONER OF CORRECTION
(SC 18981)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald and Vertefeuille, Js.

Argued December 4, 2013—officially released June 17, 2014

*Christopher Y. Duby*, assigned counsel, for the appellant (petitioner).

*James A. Killen*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In 2001, the petitioner, David Taylor, entered a plea, under the *Alford* doctrine,[1] to one count of murder in violation of General Statutes § 53a-54a, and the trial court sentenced him to twenty-five years imprisonment. See *Taylor* v. *Commissioner of Correction*, 134 Conn. App. 405, 407, 40 A.3d 336 (2012). The petitioner subsequently filed a number of petitions for a writ of habeas corpus, including a petition in 2005, a second petition in 2008, and two additional petitions in 2009. Id., 407–409. With respect to each petition, the habeas court either dismissed the petition or declined to issue a writ of habeas corpus, and the petitioner appealed to the Appellate Court from the habeas court's judgments,[2] claiming that his right to due process was violated when the habeas court dismissed his 2005 and 2008 habeas petitions as wholly frivolous without first conducting an evidentiary hearing. See id., 410–11. The Appellate Court rejected the petitioner's claim; id., 414; and we granted the petitioner's certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the habeas court correctly dismissed the petitioner's habeas . . . petitions without an evidentiary hearing?" *Taylor* v. *Commissioner of Correction*, 305 Conn. 910, 45 A.3d 99 (2012). We conclude that certification was improvidently granted and dismiss the petitioner's appeal.

The opinion of the Appellate Court sets forth the following relevant facts and procedural history. "The petitioner has filed several habeas petitions, beginning in 2003.[3] . . . In July, 2005, while his 2003 habeas petition was on appeal, the petitioner filed a habeas petition alleging ineffective assistance of habeas counsel. In July, 2008, the petitioner filed a habeas petition, claiming that his plea was not voluntary, that there were procedural problems with regard to the presentence investigation report and that his counsel in the 2003 habeas action was ineffective. On December 3, 2008, the court granted the petitioner's motion to consolidate the 2005 and 2008 habeas petitions. On February 20, 2009, the petitioner's appointed counsel filed an *Anders*[4] brief to withdraw his appearance for the petitioner in the consolidated petitions. The petitioner filed an opposition to the motion to withdraw. On December 2, 2009, the court granted counsel's motion to withdraw and dismissed the consolidated habeas petitions [pursuant to Practice Book (2009) § 23-42].[5] The court [thereafter] denied the petitioner's petition for certification to appeal. The petitioner appealed from [the habeas court's] judgment[s] and filed an application for a waiver of fees and the appointment of counsel. The court found the petitioner to be indigent, and thus waived the entry fee, but did not waive other fees necessary to prosecute the appeal and did not appoint counsel for the appeal."[6] (Footnotes altered.) *Taylor* v. *Com-*

*missioner of Correction*, supra, 134 Conn. App. 407–408.

"[T]he petitioner's only claim [before the Appellate Court] concerned his . . . appeal [from the dismissal of his 2005 and 2008 habeas petitions] . . . . [The petitioner specifically claimed] that the [habeas] court abused its discretion in denying his petition for certification to appeal because Practice Book (2009) §§ 23-41[7] and 23-42 are unconstitutional insofar as they permit a court to dismiss a habeas petition without an evidentiary hearing." (Footnotes altered.) Id., 410.

In addressing this claim, the Appellate Court observed that "the [s]pecific dictates of due process generally require consideration of three distinct factors: [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the [state's] interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews* v. *Eldridge*, [424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)]." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 412.

The Appellate Court then applied these factors to the present case and determined, with respect to the first factor, that "[t]he private interest affected . . . is the loss of the opportunity for the petitioner to have his claim considered on its merits following a hearing. The impact of such a loss depends on whether the petitioner's habeas petitions contained legitimate claims or [were] entirely frivolous." Id., 412–13. As to the second factor, the Appellate Court reasoned that the risk of the deprivation of this private interest was "low based on the procedural safeguards in place," which provided "the petitioner with adequate notice of the action the court could take in regard to his petitions, and with an opportunity to rebut claims made by his counsel regarding whether his case [was] wholly frivolous." Id., 413; see Practice Book (2009) § 23-41 (a) and (b). The Appellate Court also observed that the habeas court "carefully considered counsel's motion to withdraw and the petitioner's memorandum in opposition, concluding in a fifteen page memorandum of decision that the consolidated petitions were 'wholly without merit' prior to dismissing [them]. Further[more], the petitioner could have sought appellate review of the dismissal of the petitions . . . [but did] not [challenge] on appeal the merits of the court's determination." *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 413–14. Turning to the third factor, the Appellate Court stated: "The government has an interest in the proper adjudication of [the] . . . petitioner's claims. This interest is

limited, however, by the resources of the state. Allowing the case to continue despite a determination by the court that the case is wholly without merit places an unnecessary burden on the respondent to continue to litigate a frivolous case." Id., 414. The Appellate Court then concluded, upon consideration of "all of these factors . . . that the procedures used [by the habeas court] did not expose the petitioner to an unreasonable risk of erroneous deprivation of his liberty [and] . . . that there would be little value in the imposition of additional procedural safeguards." Id. Accordingly, the Appellate Court upheld the habeas court's decision and dismissed the petitioner's appeals.

On appeal to this court, the petitioner challenges the Appellate Court's conclusion that the habeas court was not constitutionally required to provide him with an evidentiary hearing before dismissing his habeas petitions. After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) ("[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit [to] his participation in the acts constituting the crime").

[2] The petitioner filed separate appeals, which were consolidated by the Appellate Court. See *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 409.

[3] "In the petitioner's July, 2003 petition, the petitioner alleged that trial counsel was ineffective for failing to request a competency hearing and failing to inform him adequately of the consequences of pleading guilty. The court denied the habeas petition, and on appeal [this court directed the Appellate Court to dismiss the petitioner's appeal] in its entirety. See *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, [455] 936 A.2d 611 (2007)." *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 407 n.3.

[4] "In *Anders* v. *California*, 386 U.S. 738, [744–45] 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the United States Supreme Court outlined a procedure that is constitutionally required when appointed counsel concludes that an indigent defendant's case is without merit and wishes to withdraw representation. . . . In . . . *Anders* . . . the court [stated that] . . . [t]he constitutional requirement of substantial equality and fair process can . . . be attained [only when] counsel acts in the role of an active advocate [on] behalf of his client, as opposed to that of amicus curiae. . . . Of course, if counsel finds [the indigent defendant's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent [defendant] and time [should be] allowed [for] him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal . . . . This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the [c]ourt to pursue all the more vigorously its own review because of the ready references not only to the record but also to the legal authorities as furnished . . . by counsel. . . . [*State* v. *Pascucci*, 161 Conn. 382, 385–86, 288 A.2d 408 (1971)]." (Citation omitted; internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 408 n.4.

[5] Practice Book (2009) § 23-42 provides in relevant part: "(a) If the judicial

authority finds that the case is wholly without merit, it shall allow counsel to withdraw and shall consider whether the petition shall be dismissed or allowed to proceed, with the petitioner pro se. . . .”

“Practice Book § 23-42 was revised in 2010 [and] no longer permit[s] the judicial authority to dismiss [a habeas] petition [when it concludes] that a petitioner’s case is wholly frivolous. Under the 2010 revision, the petitioner may proceed as a self-represented party following the withdrawal of counsel.” *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. App. 410 n.6.

[6] “In September, 2009, while [counsel’s] *Anders* brief was pending in the petitioner’s consolidated habeas action, the petitioner filed [another] habeas petition again alleging ineffective assistance of counsel and that his plea was not knowingly and intelligently made. The [habeas] court, finding the petition to be wholly frivolous, declined to issue the writ pursuant to Practice Book § 23-24 and, in support of its ruling, cited [to its] December 2, 2009 decision dismissing the consolidated habeas petitions. The [habeas] court denied the petitioner’s petition for certification to appeal. The petitioner then filed an application for a waiver of fees and the appointment of counsel. The court waived only the entry fee and declined to appoint counsel for the appeal. From these rulings, the petitioner filed his second appeal [with the Appellate Court].

“On December 4, 2009, the petitioner filed [yet another] habeas petition, claiming that his incarceration was illegal because the [D]epartment of [C]orrection was ‘violating the [United States] [c]onstitution by setting arbitrary conditions for participation in an international prisoner transfer treaty in denying [his] requests for a transfer in 2002 and again [in 2009].’ The [habeas] court declined to issue the writ . . . and returned it to the petitioner pursuant to Practice Book § 23-24 (a) (1) on the ground that the court lacked jurisdiction. The court denied the petitioner’s petition for certification to appeal and granted the petitioner’s fee waiver application, waiving the entry fee but declining to appoint counsel. From this judgment, the petitioner filed his third appeal [with the Appellate Court].” *Taylor* v. *Commissioner of Correction*, supra, 134 Conn. 409.

The Appellate Court consolidated the petitioner’s second and third appeals with the petitioner’s first appeal. See id. Nevertheless, the petitioner’s only claim on appeal to the Appellate Court concerned his first appeal, that is, the appeal from the habeas court’s dismissal of the 2005 and 2008 habeas petitions. See id., 410 and n.7.

[7] Practice Book (2009) § 23-41 provides: “(a) When counsel has been appointed pursuant to Section 23-26, and counsel, after conscientious investigation and examination of the case, concludes that the case is wholly frivolous, counsel shall so advise the judicial authority by filing a motion for leave to withdraw from the case.

“(b) Any motion for leave to withdraw shall be filed under seal and provided to the petitioner. Counsel shall serve opposing counsel with notice that a motion for leave to withdraw has been filed, but shall not serve opposing counsel with a copy of the motion or any memorandum of law. The petitioner shall have thirty days from the date the motion is filed to respond in writing.

“(c) The judicial authority may order counsel for the petitioner to file a memorandum outlining:

“(1) the claims raised by the petitioner or any other potential claims apparent in the case;

“(2) the efforts undertaken to investigate the factual basis and legal merit of the claim;

“(3) the factual and legal basis for the conclusion that the case is wholly frivolous.”